UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM TRAINI,

        Plaintiff,                                 Hon. Wendell A. Miles

v.                                                Case No. 5:04 CV 179

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendants' Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternatively, for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b)</u>. (Dkt. #12). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for dismissal or summary judgment, the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

**I.**        **BACKGROUND**

Prisoners incarcerated with the Michigan Department of Corrections (MDOC) are permitted to receive non-legal mail subject to certain limitations. For example, "[p]risoners are prohibited from receiving mail that is a threat to the security, good order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the prisoner."

Mich. Dep't of Corr., Policy Directive 05.03.118, ¶ HH (effective December 19, 2003). This policy expressly identifies various types of incoming mail which "pose such risks within a correctional facility under all circumstances" that such mail "shall be rejected." One such category of incoming mail is "[m]ail written in code, or in a foreign language that cannot be interpreted by institutional staff to the extent necessary to conduct an effective search." *Id.*

According to Plaintiff, his family members, all of whom reside outside of the United States, can only communicate in Arabic. (Dkt. #1). On the following dates, Plaintiff received incoming mail from overseas (presumably from members of his family) written in a foreign language which prison staff was unable to interpret: (1) June 23, 2004, (2) August 4, 2004, (3) August 17, 2004, (4) August 20, 2004, and (5) August 31, 2004. (Dkt. #1; Dkt. #13, Jones Affidavit, Gidley Affidavit, Dutcher Affidavit). Pursuant to the aforementioned policy, this mail was rejected. (Dkt. #1, Dkt. #13, Dutcher Affidavit). On each occasion, Defendant Dutcher completed a Notice of Package/Mail Rejection informing Plaintiff that these particular items of mail were rejected and, furthermore, informing him that he could request a hearing at which to contest the rejection of this mail. (Dkt. #1, Dkt. #13, Dutcher Affidavit).

At some point, Plaintiff contacted the American-Arab Anti-Discrimination Committee (ADC) "beseeching that he be granted permission to read the letters written to him by his family in Jordan." (Dkt. #13, Exhibit B). A representative of the ADC subsequently wrote Defendant Jones to offer the ADC's assistance in resolving Plaintiff's concerns. *Id.* Defendant Gidley responded to this correspondence, suggesting that Plaintiff's family send its letters to the ADC for translation before being forwarded on to Plaintiff. (Dkt. #13, Exhibit C). A representative of the ADC replied that she would contact Plaintiff regarding this possibility. (Dkt. #13, Exhibit D).

The rejection of Plaintiff's mail was affirmed at hearing. (Dkt. #1, Dkt. #13, Reed Affidavit). At hearing Plaintiff requested that the mail in question be forwarded to the ADC for translation. (Dkt. #13, Reed Affidavit). While prison officials agreed to this resolution, Plaintiff refused to authorize a postal disbursement so that his mail could be forwarded to the ADC. (Dkt. #13, Jones Affidavit).[1]

On October 18, 2004, Plaintiff filed the present action against the following defendants: (1) MDOC, (2) MDOC Director Patricia Caruso, (3) Warden Kurt Jones, (4) Deputy Warden Lori Gidley, (5) Sergeant Robert Reed, and (6) Mailroom Supervisor Deb Dutcher. Plaintiff asserts that Defendants violated his right to freedom of speech, his right to due process, and his right to equal protection. Defendants have moved for the dismissal of Plaintiff's action on the ground that he has failed to properly exhaust the claims asserted therein. In the alternative, Defendants have moved for summary judgment. As discussed below, the Court concludes that Plaintiff has failed to exhaust any of the claims asserted in his complaint. Accordingly, the Court recommends that Defendants' motion be granted and Plaintiff's action dismissed.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions "brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* The district court is obligated to sua sponte enforce the exhaustion requirement. *See Brown v.*

---

[1] Plaintiff has submitted no evidence in response to Defendants' motion to rebut the assertions in Defendants' affidavits.

*Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The prisoner must also specifically identify in his grievance the particular defendant(s) against whom his action is asserted, thus enabling the prison system to address the matter in the first instance. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The Sixth Circuit recently clarified this concept, holding that "for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

The Michigan Department of Corrections (MDOC) provides a three-step grievance process pursuant to which inmates may assert their complaints. *See* Mich. Dep't of Corr., Policy Directive 03.02.130, ¶ E (inmates may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement"). Thus, the claims asserted by Plaintiff in the present action were grievable under MDOC policy. While Plaintiff has submitted copies of numerous grievances, none of this material indicates that he exhausted any of the claims presently at issue.

A.  Grievance DRF 04-07-103628a

This grievance does not address any of the specific instances alleged in Plaintiff's

complaint. Moreover, the Step I grievance does not allege any wrongdoing on the part of any Defendant.

      B.      Grievance DRF 04-02-026018a

This grievance addresses concerns Plaintiff was experiencing regarding his participation in education classes. This grievance has no relationship to the claims asserted in the present action.

      C.      Grievance DRF 03-11-165615z

This grievance regards matters which predate the allegations in Plaintiff's complaint. Moreover, the Step I grievance contains no allegations of wrongdoing by any Defendant.

      D.      Grievance DRF 04-04-061415f

This grievance regards matters which predate the allegations in Plaintiff's complaint. Moreover, the Step I grievance contains no allegations of wrongdoing by any Defendant.

      E.      Grievance DRF 04-05-072028a

This grievance regards matters which predate the allegations in Plaintiff's complaint. Also, while Plaintiff has submitted evidence that he pursued this grievance through Step III, he has failed to submit a copy of the Step I grievance. Thus, there exists no evidence that Plaintiff asserted at Step I of the grievance process any allegations of wrongdoing against any of the present Defendants.

      F.      Grievance DRF 04-05-071018a

This grievance regards matters which predate the allegations in Plaintiff's complaint.

Moreover, the Step I grievance asserts no allegations of wrongdoing on the part of any Defendant.

G.  Unidentified Grievances

Plaintiff has also included copies of three unidentified grievances. These grievances all regard matters which predate the allegations in Plaintiff's complaint. Moreover, these grievances contain no allegations of wrongdoing on the part of any Defendant.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), or Alternatively, for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b)</u>, (dkt. #12), be **granted** and Plaintiff's action dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date:  June 2, 2005                   /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      United States Magistrate Judge