UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM TRAINI,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA L. CARUSO,
KURT JONES, LORI GIDLEY, UNKNOWN
REED, D. DUTCHER,

        Defendants.
_____/

Case No. 5:04-cv-179

Hon. Wendell A. Miles

OPINION AND ORDER

Plaintiff Tom Traini, a prisoner within the custody of the Michigan Department of Corrections (MDOC), filed this civil rights action without benefit of counsel under 42 U.S.C. § 1983, alleging violations of his Constitutional rights under the Eighth and Fourteenth Amendments based upon events that occurred while he was housed at the Carson City Correctional Facility (DRF). Plaintiff is suing the MDOC, MDOC Director Patricia Caruso, and DRF employees Warden Kurt Jones, Deputy Warden Lori Gidley, Sergeant (Unknown) Reed, and mail room supervisor D. Dutcher. He seeks compensatory and punitive damages, and injunctive relief.

Defendants filed a Motion to Dismiss or alternatively, for Summary Judgment. (Dkt. #12). United States Magistrate Judge Ellen S. Carmody submitted a Report and Recommendation (Dkt. #30), recommending that the Defendants' motion be granted and this case dismissed because of Plaintiff's failure to exhaust his administrative remedies. Plaintiff

filed his objections to the Magistrate Judge's Report and Recommendation arguing that he repeatedly filed grievances concerning the issues he raises here. (Dkt. #31). For the reasons that follow, the Court overrules Petitioner's objections, and adopts the Report and Recommendation of the Magistrate Judge.

Background

Plaintiff's mother and sister are citizens of and reside in the Kingdom of Jordan. His brother resides in the Ukraine. His family members only speak, read and write Arabic. While Plaintiff was confined at the correctional facility in Jackson, Michigan, he received mail from his family. However, after Plaintiff was transferred to the DRF, mail from his family was routinely rejected pursuant to MDOC Policy Directive 05.03.118. This policy provides that incoming mail that poses a threat to the security of a correctional facility will be rejected. The policy further provides that one category of mail which poses a threat, and therefore must be rejected, is mail "written in code, or in a foreign language that cannot be interpreted by institutional staff to the extent necessary to conduct an effective search." MDOC Policy Directive 05.03.118, ¶ HH (effective December 19, 2003). Plaintiff filed at least eight grievances through the final level, or Step III, of the grievance process regarding his rejected mail. The grievances were denied on the basis that the DRF did not have access to a person qualified to interpret the Arabic language, and, therefore, Plaintiff's mail from family members was properly rejected under Policy Directive 05.03.118.

The Magistrate Judge concluded that this case must be dismissed because Plaintiff had failed to exhaust his administrative remedies. When objections have been made to a magistrate

judge's report and recommendation, the district court's standard of review is de novo.  28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

The Prison Litigation Reform Act requires that prisoners who wish to file a civil rights action regarding the conditions of their confinement must exhaust all administrative remedies before filing suit in federal court.  42 U.S.C. § 1997(e); Brown v. Toombs, 139 F. 3d 1102, 1104 (6th Cir. 1998).  Even if the defendant does not raise the issue, the court must enforce the exhaustion requirement sua sponte.  Id.

The prisoner bears the burden of establishing that he has exhausted his administrative remedies. Id.  To satisfy this requirement, a prisoner must have filed a grievance with regard to each claim he is asserting in his lawsuit, and he "must administratively exhaust his . . . claim as to each defendant associated with the claim."  Burton v. Jones, 321 F. 3d 569, 574 (6th Cir. 2003); accord Thomas v. Woolum, 337 F. 3d 720, 735 (6th Cir. 2003); Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001) (stating that a prisoner must "file a grievance against the person he ultimately seeks to sue"); Hartsfield v. Vidor, 199 F. 3d 305, 309 (6th Cir. 1999); Harbin-Bey v. Rutter, __ F.3d__ No. 04-1458, Slip. Op. at 8 (6th Cir. Aug. 18, 2005); Vandiver v. Martin, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").  To exhaust a claim against a particular defendant, a prisoner must have alleged in his grievance "misconduct on the part of the defendant at Step I of the [Michigan Department of Corrections] grievance process."  Burton, 321 F. 3d at 574.  The MDOC policies "preclude administrative exhaustion of a claim against a prison official if the first allegation of mistreatment or misconduct on the part of that official is made at Step II

3

or Step III of the grievance process." Id.

After reviewing the grievance documents attached to Plaintiff's complaint and considered by the Magistrate Judge, the court concludes that Plaintiff has not demonstrated that he satisfied the exhaustion requirement. Although he diligently raised the issue of his rejected mail, he failed to name any of the Defendants except Sergeant Reed in his grievances. Accordingly, he has, at most, exhausted his administrative remedies as to Sergeant Reed. Recently, the Sixth Circuit Court of Appeals announced a "total exhaustion" rule for prisoners' civil rights complaints. Jones Bey v. Johnson, 407 F. 3d 801, 805-806 (6th Cir. 2005). Under this rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety for failure to exhaust administrative remedies. Id. The court may not dismiss only the unexhausted claims and proceed with the exhausted claims. Nor may the court stay a case while a prisoner completes the grievance process. A prisoner "may not exhaust administrative remedies during the pendency of the federal suit." Freeman v. Francis, 196 F. 3d 641, 645 (6th Cir. 1999). Moreover, a prisoner cannot avoid the exhaustion requirement by claiming that his grievance is now time-barred, Harstfield v. Vidor, 199 F. 3d at 309, or that the specific relief he seeks is not available from the administrative process. Knuckles El v. Toombs, 215 F. 3d 640, 642 (6th Cir. 2000). Because Plaintiff has not met his burden of demonstrating that he filed grievances against each of the Defendants named in his complaint, the court must dismiss the complaint in its entirety.

Conclusion

The court has read the Magistrate Judge's Report and Recommendation and conducted an independent review of the record. For the reasons discussed above, the court finds that the Magistrate Judge's findings and recommendation are correct. Accordingly, for the reasons

discussed above, the court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. # 30); GRANTS Defendants' Motion to Dismiss or for Summary Judgment. (Dkt. # 12); and DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997e.

So ordered this 20th day of September, 2005.

                                               /s/ Wendell A. Miles
                                              Wendell A. Miles
                                              Senior U.S. District Judge